STATE OF VERMONT

ENVIRONMENTAL COURT

Town of St. Albans, Plaintiff,

                                  }

v                                  }

                                  }   Docket No. 109-7-99 Vtec

John E. McCracken and            }

Marguerite A. McCracken,     }

Defendants.

<u>Decision and Order on Motion for Reconsideration</u>

Defendants are represented by Paul S. Gillies, Esq.; the Town is represented by David A. Barra, Esq.; neighbors Steven and Theresa Shaw entered their appearance and represented themselves. In three other consolidated cases involving a tractor-trailer and truck service and repair facility operated by Herbert Bartemy on property owned by Defendants, the Court denied conditional use approval and upheld a notice of violation on July 14, 2000. In December, 2000, Defendants advised the Court that they had sent their tenant Mr. Bartemy a notice of eviction in late July or early August, and that they had filed an eviction action in December in Franklin Superior Court.

By order dated April 20, 2001 in the present enforcement action, the Court ordered Defendants to A immediately cease and terminate the use of the property for the repair and servicing of transport trucks, including the tractor segment and the trailer segment of tractor-trailers;@ ordered Defendants to A make every effort to pursue their eviction action to that end, and [to] immediately withdraw any of their own vehicles from Mr. Bartemy= s business.@

The Court also imposed a structured penalty, calculated as $10 per day from the date warned in the Notice of Violation to the date of the July 14, 2000 court order; $20 per day from the July 14, 2000 court order to the filing of the eviction action; and $30 per day from the date the answer would have been due in the eviction action to the April 20, 2001 court order. Under paragraph 5 of that order, for the period from May 4, 2001 to the date the property would come into compliance, the Court ordered Defendants to pay A an additional penalty of $50 per day, which may be reduced by any moneys expended by Defendants as of and after the date of [the April 20, 2001] order (whether on the eviction action or other necessary efforts to achieve compliance), to achieve compliance with the July 14, 2000 Court Order and [the April 20, 2001] order. The Court ordered Defendants to report to the Town and request inspection within 15 days after the property comes into compliance, and to file with the Court an accounting of the monies due in additional penalties.

Defendants moved for reconsideration of the penalty, arguing that it was overly severe, but did not provide the Court with any new information regarding the progress of compliance or the eviction action, or any requests on their part to the Franklin Superior Court either to move the eviction action forward, or to have it specially assigned. They did state that they have not A done business with@ Mr. Bartemy A since last fall,@ but did not provide a date or other wise state the reason for any delay between the Court=s July 14, 2000 order and their ceasing of using Mr. Bartemy= s services for their own trucks, or the delay between that order and the commencement of the eviction action, that would warrant reducing the penalty applicable to that period.

As paragraph 5 of the April 20, 2001 order was structured, Defendants could avoid entirely the payment of any additional penalty under that paragraph. They have not stated whether or why

any of the compliance actions are impossible to perform, or whether or why that paragraph should be amended, or even whether any penalty will accrue under that paragraph.

Accordingly, Defendant= s motion for reconsideration is DENIED, without prejudice to the parties returning to Court for any adjudication made necessary under paragraph 5 of the April 20, 2001 order.

Done at Barre, Vermont, this 11th day of July, 2001.


_____
Merideth Wright
Environmental Judge